UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/24/21____
```

---------------------------------------------------------- X

BISMARK LITHGOW,                                    :
                                                    :
                              Petitioner,           :
                                                    :              20-CV-3655 (VEC)
              -against-                             :
                                                    :            ORDER ADOPTING
WILLIAM F. KEYSER,                                  :              REPORT AND
                                                    :            RECOMMENDATION
                              Respondent.           :
---------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

  *Pro se* petitioner Bismark Lithgow filed a petition for a writ of habeas corpus on May 11,

2020, pursuant to 28 U.S.C. § 2254 (the "Petition"). Dkt. 2. On May 20, 2020, the Court

referred this action to Magistrate Judge Lehrburger for the preparation of a report and

recommendation pursuant to 28 U.S.C. § 636(b). *See* Dkt. 6. On August 16, 2021, Judge

Lehrburger issued his Report and Recommendation (the "R&R") recommending that the Petition

be denied. Dkt. 30. Both Mr. Lithgow and Defendant William Keyser, the superintendent for

the Sullivan Correction Facility where Mr. Lithgow is in custody, have filed timely objections to

the R&R. Dkts. 31–32. For the following reasons, the Court ADOPTS the R&R with no

modifications, and the Petition is DENIED.

## DISCUSSION

  In reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When objections are made, "[t]he district judge must determine *de novo*

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To warrant *de novo*

review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects."  *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (quotations and citations omitted).  If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court reviews for clear error.  *Id.*; *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

Mr. Lithgow's request for habeas relief centers on the ongoing COVID-19 pandemic.  He asserts that the conditions of his confinement at the Sullivan Correctional Facility in Fallsburg, New York endanger his health in violation of his constitutional rights.  Petition at 1–4.  He argues that the proximity of prisoner cells creates a "special danger" of contracting COVID-19, and that his medical history of respiratory issues, deafness, back injuries, and chickenpox have rendered him particularly vulnerable to the disease.  *Id.* at 2.  In response, Mr. Keyser argues that 28 U.S.C. § 2254 cannot be used by a state prisoner to challenge the conditions of confinement, and that the petition should be dismissed because Mr. Lithgow failed to exhaust his state remedies.  Specifically, although Mr. Lithgow filed for habeas relief in state court, he did not appeal the denial of his state petition. *See* Def. Mem. at 3–8, Dkt. 11.  Judge Lehrburger declined to dismiss the petition for failure to state a cognizable habeas claim because the issue is "unresolved" within this Circuit; he recommended dismissing Mr. Lithgow's petition without prejudice for failure to exhaust his state remedies.  R&R at 5–9 (citing *Acevedo v. Capra*, No. 20-CV-7361, 2021 WL 2581258, at *9 (S.D.N.Y. June 23, 2021)).

Mr. Lithgow objects to Judge Lehrburger's recommendation that the petition be dismissed for failure to exhaust state remedies.  Obj., Dkt. 32.  The exact basis for Mr. Lithgow's objection is unclear.  On the one hand, he asserts that he "has been unaware due to his disability

of the notifications and request of the Court for his exhaustion in this matter." *Id*. ¶ 3.  Liberally construed, that could mean that Mr. Lithgow was unaware of the state court order denying his request for state habeas relief.  Elsewhere in the objection, however, Mr. Lithgow appears to argue not that he was unaware of the adverse decision but that he was unable to perfect an appeal because he was deprived of an interpreter necessary to do so.  *Id.* at 4 ("mysteriously, as Mr. Lithgow began receiving legal mail from this Court, [his assigned inmate interpreter] was wrongfully moved from the assigned disability housing Unit where Mr. Lithgow resides, which prevented him from assisting Mr. Lithgow in reading and understating the legal mail he was receiving.  It was not until after the expiration date for Mr. Lithgow, to file his appeal exhaustion, had passed that [the assigned inmate interpreter] was then mysteriously moved back to the Unit where he was needed as an assigned interpreter.").

Mr. Keyser's objection is more straightforward.  He objects on the basis that conditions of confinement are not cognizable on habeas review and, therefore, the Magistrate Judge erred in not recommending dismissal with prejudice on that basis.  Opp. Obj. at 2, Dkt. 31.

The Court overrules both parties' objections.

In response to Mr. Lithgow's request that he do so, Judge Lehrburger stayed this case to give Mr. Lithgow the opportunity to exhaust his state court remedies.  Dkts. 17, 23.  After learning from the Respondent that Mr. Lithgow had filed a state habeas petition that had been denied and that Mr. Lithgow had not filed a timely appeal, R&R at 3, Judge Lehrburger lifted the stay.  *See* Order, Dkt. 28.  Mr. Lithgow argues that he did not have proper legal assistance when he failed to file his appeal because he did not have access to an interpreter for the deaf during the relevant time period.  Obj. at 4.

The two exceptions to the exhaustion requirement before bringing a federal habeas petition are: (1) if "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant," *id.* at § 2254(b)(1)(B)(ii).  Such exceptions apply if "there is no further state proceeding for petitioner to pursue" or if "further pursuit would be futile." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

The Court notes that Mr. Lithgow, without legal representation, managed to file his habeas petition, *see* Petition, request a stay in order to exhaust his claims in state court, *see* Dkt. 17, and file his claims in state court.  Dkt. 25.  Those tasks were accomplished at least in part at a time when Mr. Lithgow asserts that he lacked an appropriate interpreter.  The Court bases that conclusion on Mr. Lithgow's statement that his interpreter was removed when he "began receiving legal mail from this Court."  Obj. at 4.  Mr. Lithgow would have begun to receive legal mail from this Court in May 2020, after he filed this petition and before he requested a stay or filed his state petition.  Those facts strongly suggest that access to an interpreter was not necessary for him to perfect an appeal of the dismissal of his state habeas petition.  Additionally, as Mr. Lithgow acknowledges in his objection, a civilian interpreter was available to him during this period. *Id.* at 4–5; Def. Rep. at 2–3, Dkt. 34.

Even if the Court interprets Mr. Lithgow's objection to mean that he was only deprived of his preferred interpreter during the period between the adverse decision in state court and the expiration of his time to appeal, that does not constitute "an absence of available State corrective process," nor did it create "circumstances . . . that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i)–(ii).  Such exceptions to the exhaustion rule apply "only if there is no opportunity to obtain redress in state court or if the corrective

4

process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citation omitted); *see also Lurie*, 228 F.3d at 124. New York State has a well-established and effective process for appealing adverse decisions that is protective of the rights of all litigants. Indeed, adverse final decisions of state habeas petitions are appealable as of right. *See* N.Y.C.L.P.R. § 7011.

Mr. Lithgow's failure to file a timely appeal following the adverse ruling in state court does not provide a basis for finding "an absence of available State corrective process" or render the process "ineffective." "[Petitioner's] own failure to utilize the state process cannot render that process 'so clearly deficient as to render futile any effort to obtain relief.'" *Ellman v. Davis*, 42 F.3d 144, 147, 149 (2d Cir. 1994) (citing *Duckworth*, 454 U.S. at 3). Moreover, although he is out of time to appeal the denial of his first state habeas petition, he may have other procedural paths available to him. Whether he does or not, however, it is clear that he did not exhaust his state remedies and, therefore, his 2254 petition must be dismissed.

Mr. Keyser's objection, that federal habeas corpus proceedings do not permit state prisoners to challenge conditions of confinement, is simply a reiteration of his original argument. *Pineda*, 831 F. Supp. 2d at 671. "[P]arties may not simply regurgitate the original briefs to the magistrate judge" as the basis for their objections. *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). Therefore, Mr. Keyser's objection is subject to clear error review. *Pineda*, 831 F. Supp. 2d at 671. An error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)). Upon careful review, the Court finds no clear error in Judge Lehrburger's decision not to recommend that the Court dismiss the petition on the ground

5

that a challenge to the conditions of confinement by a state inmate is not cognizable under habeas review in light of the "varying answers among the district courts within this Circuit." R&R at 5.  Even under *de novo* review, the Court would opt to dismiss on grounds "that can be relied on with certainty," as are available here and as Judge Lehrburger recommended, instead of on the basis of an argument the validity of which is not resolved in this Circuit.  *Id.* at 6.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Lehrburger's R&R in full, and Mr. Keyser's motion to dismiss is GRANTED.  All of Plaintiff's claims are dismissed without prejudice.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 9. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.


**SO ORDERED.**

**Date:  September 24, 2021**
          **New York, NY**

_____
          **VALERIE CAPRONI**
          **United States District Judge**

6